# AMERICAN SECURITY & TRUST COMPANY *v.* WALKER.

———

TRIAL; AGREED STATEMENT OF FACTS; BILL OF EXCEPTIONS; LANDLORD AND TENANT; LEASE; CONTRACT OF RENEWAL; ESTOPPEL.

1. Where a case is tried on an agreed statement of facts, it is not necessary that there should be a bill of exceptions in order that the case may be reviewed on appeal.
2. Where before the termination of a yearly tenancy, evidenced by a written lease, the lessee made an offer in writing to the lessor for a renewal for another year under certain conditions, and the lessor accepted in writing such offer, but the formal execution by the lessee of a new lease, and a compliance by the lessor with one of the conditions, were prevented by the illness and death of the lessee, who, however, continued in possession of the premises until his death, which occurred several days after the termination of the first year's tenancy, the holding over by the lessee will be deemed to be upon an express contract renewing the lease, and the estate of the lessee will be liable for the second year's rent. If anything was lacking to the completeness of the contract it was supplied as against both parties by estoppel.

No. 1412.   Submitted April 14, 1904.   Decided May 4, 1904.

HEARING on an appeal from a judgment of the Supreme Court of the District of Columbia in an action to recover rent, tried on an agreed statement of facts.          *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. William A. McKenney* and *Mr. Hayden Johnson* for the appellants.

*Mr. E. H. Thomas* for the appellees.

Mr. Justice Shepard delivered the opinion of the Court:

This is an appeal from a judgment rendered upon an agreed statement of facts in an action to recover a balance due on a contract for the lease of a house.

The appellees, Redford W. Walker & Son, now object to the determination of the appeal on the facts agreed upon because they have not been brought up in a formal bill of exceptions. We do not regard this as essential. The facts agreed upon were duly signed by the respective parties, submitted to the court, and made a part of its record. Consequently they are to be considered on appeal in accordance with a practice prevailing in this District at the time of the session, and which, at a very early date, received the sanction of the Supreme Court of the United States. *United States* v. *Eliason,* 16 Pet. 291, 300, 10 L. ed. 968, 972, and cases cited; *Stimpson* v. *Baltimore & S. R. Co.* 10 How. 329, 345, 13 L. ed. 441, 448.

2. The essential facts agreed upon are these: On July 19, 1900, the testator, Charles E. Galt, was in possession of a dwelling under lease from the plaintiffs, R. W. Walker & Son. The lease was signed by both parties, and is in the ordinary form. It ran for one year, from September 1, 1899, at the rate of $780 per annum, payable monthly in advance in instalments of $65.

About July 18, 1900, the testator, who seems to have been an invalid and was in Bridgeport, Connecticut, caused a letter to be written on his behalf to the plaintiffs proposing to lease the house for another year, after the expiration of the lease aforesaid, provided an electric bell would be put in his bedroom, new weights in the lift, and the yard fence painted. The plaintiffs replied by letter dated July 19, 1900, accepting the offer and promising to make the repairs. They also executed a new lease in the form of the first, and inclosed it, asking that it be executed by the testator and returned to them. Some time prior to September 1, 1900, testator, who was then a very sick man, returned to the house, and remained therein until he died, on September 4, 1900. The plaintiffs had in the meantime ordered the improvements, and apparently all were completed, save the installa-

tion of the electric bell which was prevented by the condition of the tenant. The new lease had not been executed and returned. Shortly after the funeral of testator, one of his executors called and said to plaintiffs' clerk: "Of course you know of my brother's death and that he had not signed the contract sent to him. The house will be vacated between now and the 15th, and I will send the keys. Don't show the house until it is vacated. I don't suppose, now that my brother is dead and the contract not signed, that Mr. Walker will hold the estate for the rent." The clerk said that would have to be arranged with Mr. Walker. He then requested bill sent to the American Security & Trust Company for the rent for the month of September. The rent for this month was afterwards paid. The plaintiffs declined to accept the proposed surrender of the house and termination of the lease, and in due time presented their claim against the executors. It was further agreed that the defendants had assets in their hands sufficient to satisfy plaintiffs' claim.

We are of the opinion that the court was right in rendering judgment for the plaintiffs upon these facts.

It is not necessary to follow the arguments into the nice distinctions that have been made in many instances at law between a formally executed contract of lease and a mere agreement between parties to create the relations of landlord and tenant. Nor is it important to construe or to consider the effect of the statute in force when this controversy arose, declaring all holding over or occupations of premises without express contract or lease to be tenancies by sufferance. D. C. Rev. Stat. § 680.

The holding over in this case was upon an express contract renewing the lease. Testator made an offer in writing for a renewal under certain conditions. This offer was accepted in writing, and if one of the conditions was not performed the failure was due entirely to the sickness of the lessee, which prevented. It is true that the lessors had sent to him a formal lease executed on their part with request to execute and return to them, and that this request had not been complied with.

The request for execution and return was a wise precaution,

as the result shows, but it was not absolutely necessary to create the relation of landlord and tenant for another year. The contract evidenced by the letters of proposal and acceptance was confirmed by the performance of the conditions on the one hand and the continuance of occupation on the other. Had the testator lived the lessors could not have denied his right to occupation for another year. They were bound by the contract as made as well as by estoppel.

The testator was likewise bound. His proposition had been accepted and its conditions performed. His failure to execute the new lease and return it is of itself no repudiation of his contract, and no evidence of an intention not to perform it.

The lessors had become irrevocably bound, and if he did not regard the contract as complete and binding upon him, but intended to abandon the premises, it was his duty, at least, to give them reasonable notice that they might have an opportunity to procure another tenant and continue to derive revenue from the house.

In the absence of any proof to the contrary the presumption must be that the testator regarded himself as a tenant for another year, and this presumption was confirmed by his return to the premises and retention of the possession after the expiration of the first lease. If anything was lacking to the completeness of the contract it ·has been supplied as against both parties by estoppel.

It is true that when testator returned he was a very sick man, and his death occurred four days after the expiration of the old lease; but without 'some additional circumstances this does not tend to negative the presumption mentioned, or to avoid the estoppel. His brother had written the letter of July 18, at his request, asking the renewal of the lease, and there is nothing tending to show that he could not have continued to represent the testator on his return, and during his last illness. This brother, as executor of the estate, attempted a surrender of the lease a few days after the funeral, and it is to be remarked that he did not found his claim on any intention of testator not to

occupy the house for another year, but upon the technical ground that the formal lease had not been executed by him.   His concluding words were:   "I don't suppose, now that my brother is dead and the contract not signed, that Mr. Walker will hold the estate for the rent."

The judgment will be affirmed with costs; and it is so ordered.

*Affirmed.*